# CIRCUIT COURT OF LOUDOUN COUNTY

Countryside Proprietary, Inc.

v.

Sam Wright, Jr.

January 12, 2000

Case No. (Chancery) 19182

BY JUDGE THOMAS D. HORNE

This case came before the Court on the Bill of Complaint filed by the complainant, Countryside Proprietary, Inc. Countryside is a non-stock, not-for-profit community association. Among other things, it is charged with the responsibility of enforcing the covenants and restrictions applicable to the Countryside development. The Bill of Complaint alleges that the defendant failed to repair the garage doors on his residence. Subsequent to the filing of this action, but prior to the trial of the case, the defendant corrected the offending condition. Countryside now seeks only its attorney's fees and costs.

In response to the Bill, the defendant filed a motion for a bill of particulars, an answer, and a cross-bill against the complainant and the complainant's Managing Agent. The cross-bill alleges that the complainant, acting through its Agent, wrongfully assessed a monetary sanction against the defendant and then improperly withheld the pool privileges of the defendant and his family when he failed to pay the sanction. A sanction was imposed as a result of the defendant's failure to paint the garage door. The cross-bill asks for declaratory and monetary relief.

After hearing evidence, the Court took the matter under advisement and invited written comments by the parties.

Pursuant to Article VIII, Section 1, of the Amended Declaration for the Countryside development, the Board of Directors is authorized to employ a Management Agent to perform those duties authorized by the Board in

writing. Although there is testimony that it had been the policy of the Board to permit the Management Agent to enforce architectural violations, written authorization is mandated by the Declaration. Although a liberal construction is to be afforded the terms of the Declaration, this does not permit a modification of what is a clear and unambiguous mandate. *See* Article X, Section 3, of the Amended Declaration of October 16, 1980. The record is devoid of any evidence that such written authorization to suspend pool privileges was given to the Management Agent by the Board of Directors prior to the time the defendant's family requested, and was denied, pool passes. Although the Board later affirmed the action of the Agent, this does not serve to retroactively modify the earlier action by the Agent.

What effect does such a finding have upon this case? Even though the Agent improperly withheld the pool privileges, the record does not support the cross-complainant's damage claim. On the other hand, it cannot be denied that the Board was required to institute these proceedings to correct what was a violation of the restrictive covenants. Only after the suit had been filed did Mr. Wright repair the offending garage door. Furthermore, the issues raised in the cross-bill do not justify a violation of the restrictive covenants.

Therefore, based upon the evidence before it, the Court is of the opinion that the complainant should recover the costs and attorney's fees incident to the filing of the lawsuit seeking compliance. It is worth noting, however, that once corrective action had been taken by the defendant, the only remaining issues to be resolved were those related to the complainant's attorney's fees and costs and the issues raised in the cross-bill. Neither the complainant nor the third-party defendant prevailed on the issue of declaratory relief.

Accordingly, the Court will award to Countryside its attorney's fees in the amount of $560.00 and court costs in the amount of $76.00. This represents what the Court finds to be the reasonable fees incident to the filing of the action.